IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVEON MOON,                     )
M31268,                          )
                                 )
          Plaintiff,             )
                                 )
vs.                              )
                                 )        Case No. 25-cv-2036-DWD
SANDY L. WALKER,                 )
ANTHONY D. WILLS,                )
JACOB GUETERSLOH,                )
KEVIN REICHERT,                  )
                                 )
          Defendants.            )

## MEMORANDUM & ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Daveon Moon, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff argues that he was disciplined too harshly in September of 2024, and that Defendants Wills, Guetersloh, and Reichert failed to remedy the issue during the grievance process. The Court dismissed Plaintiff's complaint as insufficiently pled (Doc. 10), and the Motion to Amend (Doc. 12) is now before the Court.

The Amended Complaint (Doc. 12) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT & AMENDED COMPLAINT

Plaintiff's amended complaint is labeled as a "Motion Amended Pleading" and the substance of the document is consistent with a complaint. (Doc. 12). The allegations in the amended complaint are not materially different from the original pleading in any way. Plaintiff still faults Walker for the disciplinary hearing, Wills for approving the disciplinary outcome, and Guttersloh and Reichert for their handling of his related grievance. Though the allegations against the Defendants in the Amended Complaint are comparable, the original complaint was much more detailed and contained relevant exhibits, so the Court will still describe the original pleading here for ease of comprehension of the analysis.

Plaintiff alleged in his original complaint that on August 20, 2024, Defendant Sandy Walker violated his rights via her role as the chairperson on his disciplinary hearing committee. (Doc. 1 at 6). He complains that during his hearing Walker told him she was going to assess him up to a year in segregation, despite his insistence that his alleged offense did not carry that level of punishment. He further alleges that Walker asserted she makes the rules in her house, and she acted knowing that Defendant Wills

(the warden) would sign off on the improper sanction.  Plaintiff received six months in segregation and 45 days of C-grade.  He claims that due to the illegal and severe punishment and his mental health issues, the discipline caused him to engage in self-harm.  (Doc. 1 at 6).

Plaintiff filed a grievance and pursued it through all levels of review.  (Doc. 1 at 6-7).  Ultimately, the Administrative Review Board agreed that he should not have received six months of segregation, but he contends this finding came too late after he had already served his entire disciplinary sanction.  (Doc. 1 at 7).  Plaintiff faults Defendant Wills for approving Walker's disciplinary recommendation in the first instance, for ignoring subsequent request slips about the issue, and for failing to rectify the issue when Plaintiff raised it via the grievance process by deferring to other prison staff who made erroneous recommendations.  (Doc. 1 at 7).  In association with the grievance process, Plaintiff alleges that Defendant Guetersloh intentionally provided false information to keep him trapped in segregation.  Specifically, he attacks Guetersloh's statement in the grievance response that he reviewed the due process afforded in the disciplinary process and found it adequate.   Plaintiff alleges that Wills and Guetersloh collectively caused him to spend an extra five months in segregation.  In association with the grievance process, Plaintiff also faults Defendant Reichert for concurring with the recommendation that he remain in segregation.  He alleges Reichert did not review or investigate his situation.

During his segregation stint, Plaintiff alleges that he was not allowed any out of cell recreation, which caused him harm as a seriously mentally ill inmate.  (Doc. 1 at 8). Plaintiff seeks monetary relief.  (Doc. 1 at 9).

In support of the complaint, Plaintiff submitted his grievance documentation and the disciplinary documents. In the grievance, Plaintiff complained that he received a year in segregation for two offenses, despite his belief that the offenses were only eligible for somewhere between 29 and 90 days of segregation time. (Doc. 1 at 13-14). In response, Defendant Guetersloh reported that Plaintiff was notified of his disciplinary report but refused to sign it, and he was afforded a hearing where he could make statements on his behalf. (Doc. 1 at 11). Guetersloh recounted the evidence the committee considered, indicated that mental health was consulted, and stated that per the internal policies the charge carried a maximum penalty of six months, which matched the six months Plaintiff was assessed. (Doc. 1 at 11-12). Defendant Reichert concurred with the finding that Plaintiff was afforded due process and that the discipline assessed was correct. (Doc. 1 at 11).

The Administrative Review Board subsequently concluded in April of 2025 that the greater of the offenses that Plaintiff was charged with was not substantiated and should be deleted. (Doc. 1 at 10). They directed that the charge be deleted, that Plaintiff's C-grade status be stricken, and that his restrictive housing time be reduced from six months to 29 days. (*Id.*).

## DISCUSSION

The Court previously explained that, because the disciplinary documents revealed that Plaintiff did not lose good-time credit, he was only entitled to informal due process. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written

statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024); *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024) (majority opinion of St. Eve, J.) (finding that an inmate is only entitled to informal due process for any disciplinary proceeding that does not result in the loss of good-time credit). The allegations and original evidence demonstrated that Plaintiff received informal due process, and nothing about his amended complaint alters this conclusion. Thus, Plaintiff has no allegations sufficient to proceed against Walker or Wills related to his discipline because he received adequate due process protections under the applicable standards.

Plaintiff's allegations against Gutersloh and Reichert fare no better for all of the reasons discussed in the Court's prior order. (Doc. 10). Put simply, a prison official cannot be held liable simply because he processed a grievance, and Plaintiff's evidence does not demonstrate that Gutersloh or Reichert participated in the underlying disciplinary proceedings or failed to investigate his assertions challenging those proceedings. Plaintiff does not offer any new factual allegations to alter the analysis, and thus he has failed to state a claim against Gutersloh or Reichert.

In the Order finding Plaintiff's complaint insufficient (Doc. 10), the Court invited Plaintiff to provide more information about the conditions in segregation, but Plaintiff offered no additional information of this nature beyond the bare assertion that he was confined to his cell and that he self-harmed, both things he previously disclosed. Without more, Plaintiff's complaint remains inadequate, and the Court does not believe further opportunities to amend would alter the outcome. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple

chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).  As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

### DISPOSITION

Plaintiff's Motion to Amend (Doc. 12) is **GRANTED**, and his Amended Complaint (Doc. 12) is **DISMISSED with prejudice** for failure to state a claim.  The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**Dated: May 4, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**