**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAVEON MOON, M31268, | ) ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )    **Case No. 25-cv-2036-MAB** |
| SANDY L. WALKER, | ) |
| ANTHONY D. WILLS, | ) |
| JACOB GUETERSLOH, | ) |
| KEVIN REICHERT, | ) |
| | ) |
|     **Defendants.** | ) |

**<u>MEMORANDUM & ORDER</u>**

**BEATTY, Magistrate Judge:**

Plaintiff Daveon Moon, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff argued that he was disciplined too harshly in September of 2024, and that Defendants Wills, Guetersloh, and Reichert failed to remedy the issue during the grievance process. The Court dismissed Plaintiff's complaint[1] as insufficiently pled (Doc. 10), and it ultimately dismissed his Amended Complaint with prejudice for failure to state a claim (Doc. 16). A few weeks after judgment was entered, Plaintiff filed a Motion for a Temporary Injunction (Doc. 18) wherein he complains about alleged

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

retaliation and conditions of confinement.  On the same day, Plaintiff also filed a Notice of Appeal.  (Doc. 19).

Although Plaintiff's appeal is pending, the Court will interpret the Motion for a Temporary Injunction and Restraining Order as a motion to reconsider the underlying dismissal of this case, and it will dispose of the motion quickly so that the appeal can proceed without delay. In the Motion, Plaintiff alleges that he has experienced harassment from staff for the last three months, including false discipline, the unprovoked use of mace, and a deprivation of food and water, among other things.  (Doc. 18 at 1).  The only prison employee mentioned in the motion is Lt. Brandt, an individual that was not a defendant in the case.  Along with the Motion, Plaintiff also included his own affidavit, and the affidavits of fellow inmates, describing their conditions of confinement.  The affidavits do not make allegations about prison staff by name.

Rather than challenging the legal or factual basis for the Court's dismissal of this case, Plaintiff's motion and supporting documents seek to introduce entirely new factual and legal theories. Neither a motion to reconsider nor a motion for temporary or preliminary relief are appropriate procedural vehicles to amend the basis for a lawsuit or to seek emergency relief.  Upon review of the initial complaint in this case, the Court informed Plaintiff that if he believed he had conditions of confinement claim he should include details about it in his amended complaint (Doc. 10 at 8), but Plaintiff did not include any such details in his amended complaint (Docs. 12, 17).  The present motion comes too late to amend the underlying complaint in this case and does not present a compelling basis for the Court to reconsider the dismissal of this case.

Additionally, Plaintiff does not associate his new allegations with any named defendant, and the Court can only grant injunctive relief related to the underlying claims and theories for relief. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019). Given the disconnect between the allegations in the Motion, and the underlying pleadings, no injunctive relief is appropriate.

**DISPOSITION**

Plaintiff's Motion for a Temporary Injunction and Restraining Order (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2026

**MARK A. BEATTY**
**United States Magistrate Judge**